UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL AMADOR,<br><br>        Plaintiff,<br><br>    v.<br><br>JANE V. SUN, et al.,<br><br>        Defendants. | Case No. 22-cv-00569-SVK<br><br>**ORDER TO SHOW CAUSE AS TO SUBJECT MATTER JURISDICTION AND AS TO WHY THE EX PARTE APPLICATION SHOULD NOT BE DENIED**<br><br>Re: Dkt. Nos. 40, 41 |

    The Court is in receipt of Plaintiff's *ex parte* application for entry of stipulated judgment. Dkt. 40. This action was terminated in October 2022 when the Parties stipulated to a conditional dismissal of the action without prejudice and presented a proposed order of dismissal to the Court, which the Court issued. Dkts. 33-34. Under the terms of the order, the dismissal would become final and with prejudice automatically within six months unless Plaintiff gave notice of Defendants' failure to perform pursuant to the settlement agreement ten days prior to the expiration of the six-month period. Dkt. 34. On November 4, 2022, however, Plaintiff filed a stipulation for dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which the Court approved. Dkts. 35-36.

    Although the written settlement agreement apparently contemplated that the Court would retain jurisdiction for purposes of enforcing its terms, the terms of the agreement were not incorporated into any order. Dkt. 40-2 (Ex. 1 to Johnson Decl., Settlement Agreement) ¶¶ 5-6; Dkts. 33-36. Nor did the first dismissal order or the second stipulated dismissal with prejudice provide that the Court would retain jurisdiction to enforce the settlement agreement. Dkts. 33-36. "Federal courts have no inherent power to enforce settlement agreements entered into by parties

litigating before them. Rather, courts have ancillary jurisdiction to enforce a settlement agreement" in limited instances. *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014). A district court may only maintain ancillary jurisdiction if the order dismissing the case with prejudice "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing by **May 2, 2023**, why the Court has jurisdiction to hear his application.

Additionally, it appears that Defendant Cars On Demand, LLC cured its default under the settlement agreement in response to Plaintiff's notices and that only one outstanding payment remains. Dkt. 41. Plaintiff, therefore, shall also **SHOW CAUSE** in writing by **May 2, 2023**, why his application should not be denied.

The Parties shall appear for a hearing on this matter on **May 9, 2023**, at **10:00 a.m.** If the Parties resolve these outstanding issues among themselves, Plaintiff may file a notice of withdrawal of his application by May 2, 2023, in which case the Parties need not appear for a hearing.

**SO ORDERED.**

Dated: April 12, 2023

SUSAN VAN KEULEN
United States Magistrate Judge